**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

| | | |
|---|---|---|
| **HECTOR ESPINOSA AVILA** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. <u>3:23-cv-371-CHB</u> |
| | ) | |
| **FANATICS RETAIL GROUP** | ) | Removed from: |
| **FULFILLMENT, LLC** | ) | Jefferson Circuit Court |
| | ) | No. 23-CI-003743 |
| Defendant | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Fanatics Retail Group Fulfillment, LLC ("Defendant"), by and through counsel, hereby respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville the action styled *Hector Espinosa Avila v. Fanatics Retail Group Fulfillment, LLC*, Case No. 23-CI-003743 (the "State Court Action"), currently pending in Jefferson Circuit Court, Louisville, Kentucky. As grounds for the removal, Defendant states as follows:

1. Plaintiff Hector Espinosa Avila ("Plaintiff") filed his Complaint against Defendant on June 16, 2023, in the Jefferson Circuit Court (the "Complaint"). Defendant was served on June 23, 2023. In the Complaint, Plaintiff pleads two claims: (1) violation of KRS § 344.040 (sex, age, and national origin discrimination), and (2) violation of KRS § 344.280 (conspiracy and retaliation).

2. All process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**.

3. Under 28 U.S.C. §§ 1441 and 1446, the State Court Action may be properly removed to this Court at any time within thirty (30) days after Defendant's receipt of Plaintiff's Complaint and Summons. "[M]ere receipt of the complaint unattended by any formal service"

such as receipt of a "courtesy copy" is insufficient to trigger the 30-day time to remove. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999). This Notice of Removal is therefore timely filed.

## DIVERSITY OF CITIZENSHIP

4.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

5.  For diversity purposes, limited liability companies "have the citizenship of each…member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). A corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

6.  Defendant is a Florida limited liability company.

7.  Fanatics Retail Group South, LLC is the sole member of Defendant.

8.  Fanatics, LLC is the sole member of Fanatics Retail Group South, LLC.

9.  Fanatics Commerce Intermediate Holdco LLC is the sole member of Fanatics, LLC.

10.  Fanatics Commerce Holdco, Inc. is the sole member of Fanatics Commerce Intermediate Holdco, LLC.

11.  Fanatics Commerce Holdco, Inc. is a Delaware corporation with its principal place of business in New York.

12.  Accordingly, the citizenship of Defendant is Delaware and New York.

13.  Based upon Plaintiff's representations as to his residence in the Complaint, he is a citizen of Kentucky. *See* Exh. A, Complaint at ¶ 1.

14.  Thus, the parties are completely diverse.

**AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

15.    Although Plaintiff does not articulate a specific amount of damages, under a "fair reading" of Plaintiff's allegations, the damages he alleges plainly exceed $75,000, exclusive of interest and costs.[1] *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

16.    Plaintiff seeks damages for "humiliation, loss of income, embarrassment, mental anguish, damage to his reputation, damage to his spouse's reputation, and all benefits accrued by Plaintiff while working for the Defendant Fanatics" and "reinstatement (or 'front pay' in lieu of reinstatement), payment of back wages, full reinstatement of fringe benefits and seniority rights, exemplary or punitive damages, and all associated costs and fees of litigation, including reasonably attorney's fees." *See* Exh. A, Complaint at ¶¶ 36, 37, 48, 49.

17.    Plaintiff alleges he earned an hourly wage of $19.50 and worked "full-time." *Id.* at ¶¶ 9, 12.

18.    Plaintiff alleges Defendant terminated his employment on or about October 31, 2022. Assuming a trial will not occur for another 18 months from today, the amount in controversy exceeds $75,000 in back wage damages alone. *See Davis v. Cotiviti, LLC*, No. 3:18-cv-00372-RGJ, 2019 U.S. Dist. LEXIS 49909 (W.D. Ky. Mar. 26, 2019) ("[B]ack pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where . . . the plaintiff seeks past and future wages.").

19.    Plaintiff    further    seeks    compensatory    damages    for    alleged "humiliation…embarrassment, mental anguish, [and] damage to his reputation." *Id.* at ¶¶ 36, 48. Since Plaintiff's demand for compensatory damages "would be in addition to th[e] amount" he seeks in lost income, it is more likely than not that the total amount in controversy for removal

---

[1]    Defendant does not concede Plaintiff is entitled to any damages. The figures set forth in this Notice of Removal pertain only to establishing the amount in controversy for jurisdictional purposes.

purposes exceeds $75,000. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 480 (6th Cir. 2014).

20.     Finally, the amount in controversy requirement is further met by Plaintiff's demand for punitive damages. *Hayes*, 266 F.3d at 572 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). Even "a conservative 2:1 ratio of punitive damages to compensatory damages would lift the amount in controversy well over the threshold amount." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. Appx. 463, 743 (6th Cir. 2019).

21.     As shortly and plainly stated above, the amount in controversy more likely than not exceeds the $75,000 threshold amount specified in 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'").

22.     In sum, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     Promptly upon filing this Notice of Removal, Defendant will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court.

WHEREFORE, Defendant prays that this Court assume control over this action as this action is properly removed on the grounds of diversity jurisdiction.

This 20th day of July, 2023.

<div style="margin-left:50%">

Respectfully submitted,

*/s/ August Johannsen*
LaToi Mayo
August Johannsen
lmayo@littler.com
ajohannsen@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.259.0067

*Attorneys for Defendant*

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of July, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, which gives notice to all parties.

<div style="margin-left:50%">

*/s/ August Johannsen*
August Johannsen

</div>